The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II, and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission modifies and affirms the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employer-employee relationship existed between the defendant employer and the plaintiff at all relevant times herein.
3. Wausau Insurance Company provided workers compensation insurance for defendant employer at all relevant times herein.
4. Plaintiff sustained a compensable injury by accident to his back while in the course and scope of his employment with defendant employer on 11 June 1991. Defendants have paid compensation to plaintiff for a period of 233 weeks in the amount of $63,432.78.
5. Deputy Commissioner Lorrie L. Dollar heard this case on 16 February 1993, at which time a Pre-trial Agreement was filed. Deputy Commissioner Dollar filed an Opinion and Award pursuant to said hearing on 10 January 1995 awarding plaintiff continuing temporary total disability compensation until such time as he returned to work or until further orders of the Industrial Commission, and ordering defendants to continue to provide vocational rehabilitation efforts to plaintiff to return him to work. Plaintiff appealed to the Full Commission. The Full Commission filed its Opinion and Award on 12 June 1995 affirming Deputy Commissioner Dollar and plaintiff appealed to the North Carolina Court of Appeals. The Court of Appeals entered its decision on 16 April 1996 affirming the Opinion and Award of the Full Commission.
6. Defendants filed a Form 24 Application to Terminate or Suspend payment of compensation to plaintiff dated 21 November 1995. Plaintiff filed a response dated 4 December 1995. An Administrative Decision and Order was entered and filed on 29 December 1995 by Special Deputy Commissioner W. Bain Jones, Jr., and Special Deputy Commissioner Martha W. Lowrance suspending plaintiffs compensation from 12 September 1995 until plaintiff had pursued reinstatement of his driving privileges.
7. Plaintiff filed a Form 33 Request asking that the matter be heard before a Deputy Commissioner. The form was filed on 2 January 1996, with objections and exceptions to the Administrative Decision and Order of 29 December 1995. On 10 January 1996 defendants filed a Form 33R response to plaintiffs request for a hearing.
8. Plaintiff filed a Motion for Reconsideration of the Administrative Decision and Order dated 17 January 1996. The motion was denied by Order dated 29 January 1996, by Special Deputy Commissioner W. Bain Jones, Jr.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendants filed a Form 24 Application on or about 21 November 1995, with the North Carolina Industrial Commission.
2. Plaintiff appealed the Opinion and Award of both the Deputy Commissioner and the Full Commission, both of which contained findings that plaintiff had lost his drivers license in 1985 as a result of driving-while-impaired convictions. The plaintiff had not made any effort to have his driving privileges reinstated although he was eligible for the same.
3. The Deputy Commissioner, the Full Commission and the Court of Appeals also concluded that while plaintiff had cooperated with vocational rehabilitation efforts, he failed to improve upon his employability by not making any attempt to have his revoked driving privileges restored. However, the plaintiff was hired by the defendant from October 1989 to August 1990 and from February 1991 up until the 11 June 1991 injury even though the plaintiff had not held a drivers license since 1985.
4. Plaintiff testified that he has made attempts to get his drivers license back and scheduled a meeting with DMV Officer Snow in Mt. Airy in September 1998, to discuss whether he is entitled to get his license back.
5. The plaintiff applied for numerous jobs, for which employment has been denied due to plaintiffs back condition. The defendants have failed to produce sufficient evidence that the plaintiff was denied employment for lack of a drivers license or that there are jobs that would require a drivers license for which the plaintiff would be qualified.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff has complied with the prior order of the Commission and is entitled to a continuation of temporary total disability compensation from 12 September 1995 until such time as he returns to work or until further orders from the Commission. N.C. Gen. Stat. 97-29.
2. The plaintiff shall continue to cooperate with vocational rehabilitation efforts, and defendants shall pursue retraining efforts to assist the plaintiff in returning to the workforce.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to an attorneys fee herein approved, defendants shall continue to pay temporary total disability compensation to the plaintiff from 12 September 1995 until such time as he returns to work or until further orders from the Commission. The portion of this amount that has accrued shall be paid in a lump sum subject to the attorneys fee approved below.
2. Defendants shall continue to provide vocational rehabilitation efforts to return plaintiff to work and plaintiff shall cooperate with same.
3. A reasonable attorneys fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiffs counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiffs counsel. Thereafter, every fourth check shall be paid directly to plaintiffs counsel.
4. Defendants shall pay the costs of this action.
This 2nd day of September 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER